**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NINGBOYIXUANKUAJINGDIANZISHAN GWUYOUXIANGONGSI, SHENZHEN HE'AN CE TRADING CO., LTD., and SHENZHEN MANHUI E-COMMERCE CO.,<br><br>Plaintiffs,<br><br>v.<br><br>SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD.<br><br>Defendant. | **Civil Action No. 2:26-cv-2423**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT**

Plaintiffs NINGBOYIXUANKUAJINGDIANZISHANGWUYOUXIANGONGSI d/b/a "MAIDELI us," SHENZHEN HE'AN CE TRADING CO., LTD. d/b/a "heancepower," and SHENZHEN MANHUI E-COMMERCE CO. d/b/a "manhuipower" (collectively, "Plaintiffs") file this declaratory judgment complaint against Defendant SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. ("Defendant") and allege as follows:

**NATURE OF THE ACTION**

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs bring this civil action against Defendant to obtain declaratory judgment of non-infringement with respect to United States Patent No. 12,171,079 (the "'079 Patent" or "Patent-in-Suit").
2. Attached hereto as **Exhibit 1** is a true and correct copy of the '079 Patent.

3. This action arises from an actual and justiciable case or controversy between Plaintiffs and Defendant, caused by Defendant's patent infringement assertion based on the Patent-in-Suit targeting Plaintiffs' lawful activities, despite the absence of any infringement of a valid patent claim and the lack of any legally warranted relief.

**THE PARTIES**

4. Plaintiff NINGBOYIXUANKUAJINGDIANZISHANGWUYOUXIANGONGSI d/b/a "MAIDELI us" on Amazon.com ("MAIDELI US") is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 高新区, 明日时光中心5号4-26, 宁波, 浙江省, 315032, CN.

5. Plaintiff SHENZHEN HE'AN CE TRADING CO., LTD. d/b/a "Heancepower" on Amazon.com ("Heancepower") is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at ABCD座 A2501, 深圳市龙岗区坂田街道岗头社区天安云谷产业园一期3栋, 深圳市, 广东, 518129, CN.

6. Plaintiff SHENZHEN MANHUI E-COMMERCE CO. d/b/a "Manhuipower" on Amazon.com ("Manhuipower") is a limited liability company organized and existing under the laws of the People's Republic of China with a place of business at 坂田街道象角塘社区坂雪岗大道4088号综合楼, A栋B六层602-3, 龙岗区, 深圳市, 518129, CN.

7. Upon information and belief, Defendant SHENZHEN ZHANPUSIDA TECHNOLOGY CO., LTD. is a limited liability company organized and existing under the laws of the People's Republic of China with its registered place of business at 深圳市龙岗区布吉街

道布吉圩社区吉华路69号中心广场B座办公8D-B470, 广东省, 518100, CN.

**PATENT-IN-SUIT**

8. The ‘079 Patent, entitled “Emergency Starting Power Supply for Vehicle,” was issued on December 17, 2024. Defendant is listed as both the Applicant and Assignee on the ‘079 Patent. The ‘079 Patent was issued from U.S. Patent Application No. 18/608,984 (the “’984 Application”), filed on March 19, 2024, which claims priority to the Chinese patent application with the filing No. 2023231315869 filed with the Chinese patent office on November 16, 2023.

**RELATED DISTRICT COURT PROCEEDINGS**

9. On November 24, 2025, Defendant filed a patent infringement action against six (6) entities in this judicial district captioned *Shenzhen Zhanpusida Technology Co., Ltd. v. The Individuals, Partnerships, And Unincorporated Associations Identified In Schedule A*, No. 2:25-cv-1826 (“25-1826 Action”). Approximately three weeks after the defendants in that action filed their answers and affirmative defenses, Defendant voluntarily dismissed all six of them without discussing settlement.

10. On December 31, 2025, due to Defendant’s submission of additional patent infringement complaints with the Amazon.com e-commerce platform, four defendant entities in the Concurrent 25-1826 Action filed a patent non-infringement action against Defendant in this judicial district captioned *Shenzhenshiposhenkejifazhanyouxiangongsi et al. v. Shenzhen Zhanpusida Technology Co., Ltd.*, No. 2:25-cv-2027 (“Concurrent 25-2027 Action”).

11. On February 20, 2026, due to Defendant’s submission of an additional patent infringement complaint on the Amazon.com e-commerce platform, several additional

entities filed a patent non-infringement action against Defendant in this Court captioned *Dong Guan Shi Dian Xiao Wu Technology Co., Ltd. v. Shenzhen Zhanpusida Technology Co., Ltd.*, No. 2:26-cv-312 ("Concurrent 26-312 Action").

12. On the same day, several additional entities filed a separate patent non-infringement action against Defendant in this Court, captioned *Foshanshihuituolidianchi Co., Ltd. et al v. Shenzhen Zhanpusida Technology Co., Ltd.*, No. 2:26-cv-313 ("Concurrent 26-313 Action").

13. On July 17, 2026, several additional entities filed a separate patent non-infringement action against Defendant in this Court, captioned *Suzhouyehaidejingwenhuachuanboyouxiangongsi. et al v. Shenzhen Zhanpusida Technology Co., Ltd.*, No. 2:26-cv-1534 ("Concurrent 26-1534 Action", together with the Concurrent 25-2027 Action, the Concurrent 26-312 Action, and the Concurrent 26-313 Action, the "Concurrent Actions").

14. The Concurrent 26-1534 Action is pending before the Honorable Christy Criswell Wiegand; the remaining three concurrent actions are all pending before the Honorable Robert J. Colville.

15. The 25-1826 Action and all four Concurrent Actions involve patents in the same family as the present proceeding.

16. The 25-1826 Action and all four Concurrent Actions involve the same category of products as those implicated in the present proceeding, i.e., jump starter devices for vehicles sold on the Amazon platform.

17. In the 25-1826 Action, Defendant asserted two utility patents in the same family as the Patent-in-Suit, namely, United States Patent Nos. 12,336,125 B2 (the "'125 Patent") and

12,336,129 B2 (the "'129 Patent"). The '125 Patent was issued from U.S. Patent Application No. 18/929,675 (the "'675 Application"), which is a continuation of the '984 Application. The '129 Patent was issued from U.S. Patent Application No. 18/931,098 (the "'098 Application"), which is also a continuation of the '984 Application. Thus, both the '125 Patent and the '129 Patent are "child" patents of the '079 Patent.

18. In the Concurrent 25-2027 Action, the plaintiffs therein assert non-infringement of two utility patents, namely, the '079 Patent and another patent in the same family, i.e., United States Patent No. 12,356,570 B2 (the "'570 Patent"). The '570 Patent was issued from U.S. Patent Application No. 18/932,575 (the "'575 Application"), which is a continuation of the '984 Application. Thus, the '570 Patent is a "child" patent of the '079 Patent.

19. In the Concurrent 26-312 Action, the plaintiffs therein assert non-infringement of one utility patent in the same family as the Patent-in-Suit, namely, United States Patent No. 12,284,774 B1 (the "'774 Patent"). The '774 Patent was issued from U.S. Patent Application No. 18/931,174 (the "'174 Application"), which is a continuation of the '984 Application. Thus, the '774 Patent is a "child" patent of the '079 Patent.

20. In the Concurrent 26-313 Action, the plaintiffs therein assert non-infringement of one utility patent in the same family as the Patent-in-Suit, namely, United States Patent No. 12,336,127 B2 (the "'127 Patent"). The '127 Patent was issued from U.S. Patent Application No. 18/931,041 (the "'041 Application"), which is a continuation of the '984 Application. Thus, the '127 Patent is a "child" patent of the '079 Patent.

21. In the Concurrent 26-1534 Action, the plaintiffs therein assert non-infringement of one utility patent in the same family as the Patent-in-Suit, namely, United States Patent No. 12,336,126 (the "'126 Patent"). The '126 Patent was issued from U.S. Patent Application

No. 18/931,038 (the "'038 Application"), which is a continuation of the '984 Application. Thus, the '126 Patent is a "child" patent of the '079 Patent.

22. The Patent-in-Suit shares an identical title, "Applicant," "Inventor," "Assignee," drawings and substantially identical written specifications with the '125 Patent, the '129 Patent, '570 Patent, the '774 Patent, the '127 Patent, and the '126 Patent.

## JURISDICTION AND VENUE

23. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

24. This Court has personal jurisdiction over Defendant because this action is substantially related to and arises out of the same nucleus of operative facts as the 25-1826 Action and the Concurrent Actions prosecuted by and against Defendant in this District. For example, the Patent-in-Suit shares a common specification, title, parent application, applicant, inventor, and assignee with the related patents in the Concurrent Actions. This action and the Concurrent Actions all involve the same category of accused products, namely jump starter devices for vehicles sold on the Amazon platform. All the Concurrent Actions and Defendant's patent infringement complaints filed with Amazon are part of Defendant's patent assertion campaign based on closely related patents in the same family.

25. Alternatively, this Court has personal jurisdiction over Defendant under FRCP 4(k)(2) because Defendant not only obtained the Patent-in-Suit in the United States but also is actively enforcing it against Plaintiffs by submitting infringement complaints to Amazon, a U.S.-based company, in an attempt to halt Plaintiffs' sales of the accused products

throughout the United States.

26. Venue is proper in this judicial district because Defendant is not a resident in the United States, thus may be sued in any judicial district.

## FACTUAL BACKGROUND
### Plaintiffs' Business and Product

27. Plaintiff MAIDELI US previously offered jump starters for sale that were delisted by Amazon as a direct result of Defendant's infringement complaint to Amazon based on the '079 Patent.

28. Plaintiff Heancepower' accused product has been the subject of Defendant's infringement complaint to Amazon based on the '079 Patent. Amazon has removed the accused product listing as a direct result of Defendant's complaint.

29. Plaintiff Manhuipower's accused products have been the subject of Defendant's infringement complaint to Amazon based on the '079 Patent. Amazon has removed the accused product listings as a direct result of Defendant's complaint.

30. Each Plaintiff employs extensive sales and promotion strategies to market and sell its respective jump starter products on the Amazon.com marketplace.

31. Each Plaintiff has built substantial goodwill through reliable business practices and consistent delivery of quality products. As of November 11, 2026, customer reviews on Amazon reflect a high level of consumer satisfaction, with MAIDELI US, Heancepower, and Manhuipower maintaining lifetime average rating of 4.8, 4.7, and 4.8 out of 5, respectively.

32. Plaintiffs engage in interstate commerce by offering for sale and selling various products including those accused by Defendant of infringing the Patent-in-Suit.

### Defendant's Infringement Accusations Against Plaintiffs

33. Defendant is listed as both the Applicant and Assignee on the Patent-in-Suit.

34. Upon information and belief, beginning in late October 2025, Defendant repeatedly lodged infringement complaints with Amazon.com to initiate e-commerce patent enforcement actions against a large number of competitors in the jump starter segment with the intent to disrupt and terminate their lawful commercial activities on the Amazon marketplace throughout the United States.

35. On October 27, 2026, Amazon notified Plaintiff Manhuipower of a patent infringement complaint submitted by Defendant (Amazon Complaint ID No. 22780648681). On October 28, 2026, Amazon similarly notified Plaintiffs MAIDELI US and Heancepower of a patent infringement complaint submitted by Defendant (Amazon Complaint ID No. 22819434051). These complaints are collectively referred to herein as the "Defendant's Amazon Complaints." In each complaint, Defendant alleged that certain products sold by Plaintiffs infringe the Patent-in-Suit.

36. The chart below identifies the specific products (each an "Accused Product," collectively the "Accused Products") targeted by Defendant's Amazon Complaints using their respective Amazon Standard Identification Numbers ("ASINs").

| Plaintiff | Plaintiff's Amazon ID | ASIN of Accused Product | Patent Asserted | Defendant's Amazon Complaint ID | Date of Amazon's Notice of Enforcement |
|---|---|---|---|---|---|
| Manhuipower | A1Z1BBOB6QYZ3F | B0G8ZNZPJK<br>B0G8Z717HJ | US 12,171,079 | 22780648681 | 10/27/2026 |
| Heancepower | A3J9J0LSBOGIBY | B0GJRPKG8B | | 22819434051 | 10/28/2026 |
| MAIDELI US | A2L4UZMU1PQF6L | B0D4V8ZC5P | | 22819434051 | 10/28/2026 |

37. Amazon's basis for its notifications was merely "We removed some of your listings because we received a report from a rights owner alleging they may infringe upon their patent."

38. For Amazon sellers like Plaintiffs, removal or suppression of the accused listings, even for a few days results in harms far beyond the immediate loss of sales and the incurrence of ongoing storage and inventory-holding costs. Under Amazon's algorithm-driven marketplace, products that are delisted or suppressed lose sales velocity, ranking, and competitive positioning within their respective product segments, and such disruption is particularly harmful during the upcoming holiday season. Even if listings are later reinstated, they rarely recover their prior ranking or market visibility without substantial additional time and disproportionately increased advertising and promotional expenditures.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (UNITED STATES PATENT NO. 12,171,079)

39. Plaintiffs repeat and reallege each allegation above as if fully set forth herein.

40. Plaintiffs have not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any valid claim of the '079 Patent.

41. Plaintiffs have not infringed, directly or indirectly, any valid claim of the '079 Patent either literally or under the doctrine of equivalents.

42. Defendant has alleged and continues to allege that jump starter products sold by Plaintiffs within the United States infringe the '079 Patent.

43. Defendant's patent infringement allegations regarding the '079 Patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiffs that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.

44. Plaintiffs are entitled to declaratory judgment adjudicating that the ‘079 Patent is not infringed by Plaintiffs and enjoining Defendant from continuing its patent assertion campaign against Plaintiffs in the United States.

45. An actual case or controversy exists between Plaintiffs and Defendant based on Defendant’s wrongful assertion of patent infringement against Plaintiffs based on the ‘079 Patent, forming a justiciable controversy between the parties that is ripe for determination.

46. Defendant’s conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling Plaintiffs to the attorneys’ fees and costs incurred in this action to vindicate their legal rights and to restore their ability to compete fairly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. Declaratory judgment that Plaintiffs do not and have not ever infringed the Patent-in-Suit.
2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them (“Enjoined Parties”) as follows:
    a. restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against the Accused Products;
    b. requiring that Defendant provide written notice of the injunction to all Enjoined Parties; and
    c. requiring that Defendant provide written notice of the injunction to Amazon and request Amazon to reinstate any affected products deactivated due to Defendant’s Amazon complaints.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 based on Defendant's conduct.
4. Judgment awarding Plaintiffs their attorneys' fees and costs incurred in this action to vindicate their legal rights and to restore their ability to compete fairly.
5. That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: November 11, 2026

*/s/ Zheng Gong*
Zheng Gong
(*pro hac vice* forthcoming)
Primary Bar No: IL 6323959
**ShinyRise PLLC**
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 312-612-0288

*Counsel for Plaintiffs*